UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-155-RLV
(5:10-cr-27-RLV-DCK-1)

| | |
|---|---|
| RONNIE ANDREW HAMBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). Also pending before the Court are Plaintiff's Motion to Appoint Counsel, (Doc. No. 2), filed on October 5, 2012, and a Motion to Withdraw as Attorney by Leah Kane of the Federal Defenders Office, (Doc. No. 4), filed on February 22, 2013.

On June 28, 2010, Petitioner pled guilty to conspiracy to distribute and possession with intent to distribute marijuana , in violation of 21 U.S.C. §§ 846 & 841(b)(1)(C) (Count One), and to using and carrying one or more firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). On February 7, 2011, Petitioner was sentenced to 25 months' imprisonment on Count One and to 60 months' imprisonment on Count Two, to be served consecutively, for a total of 85 months' imprisonment. See (Crim. No. 5:10-cr-27, Doc. No. 23: Judgment).

Petitioner filed the instant motion to vacate on October 5, 2012. In the motion, Petitioner alleges that he is entitled to relief in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that he was convicted of

1

possession of a firearm by a convicted felon under Section 922(g)(1), but that none of his underlying state court convictions carried a sentence of more than one year. As noted, however, Petitioner was convicted of possession of a firearm in furtherance of a drug trafficking crime, in violation of Section 924(g), not possession of a firearm by a convicted felon under Section 922(g)(1). Therefore, Petitioner is not entitled to relief under Simmons because Simmons simply does not apply. Therefore, the Court will deny Petitioner's Section 2255 motion to vacate.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED**. Petitioner's Motion to Appoint Counsel, (Doc. No. 2), is **GRANTED** nunc pro tunc, and Motion to Withdraw as Counsel by the Federal Defenders Office, (Doc. No. 4), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 27, 2013

Richard L. Voorhees
United States District Judge